UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARY-JO HYLDAHL,

       Plaintiff,

                                        Case Number 07-14948-BC
v.                                            Honorable Thomas L. Ludington

AT&T,

       Defendant.
_____/

**ORDER DENYING IN PART WITHOUT PREJUDICE DEFENDANT'S MOTION IN LIMINE, GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFF'S MOTION IN LIMINE, AND BIFURCATING TRIAL**

On January 7, 2009, Plaintiff Mary-Jo Hyldahl's ("Plaintiff") single claim for interference with her rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1), against Defendant AT&T ("Defendant") is scheduled to proceed to trial. On December 9, 2008, the parties each filed a motion in limine. Defendant moved to exclude the introduction of evidence supporting Plaintiff's claim for "liquidated damages" provided for in 29 U.S.C. § 2617(a)(1)(A)(iii). In the alternative, Defendant requests that the Court bifurcate the trial, to include a liability and general damages phase and a liquidated damages phase. Additionally, Defendant asserts that "me too" testimony to be proffered by Defendant's former employees should be excluded and that Plaintiff should not be able to assert a "discriminatory investigation" theory. Plaintiff's motion seeks to exclude evidence relating to past sexual abuse underlying Plaintiff's mental health condition and evidence concerning her participation in dog shows.

A

29 U.S.C. § 2615(a)(1) prohibits an employer from interfering with an employee's exercise of one's FMLA rights. The FMLA provides that a successful plaintiff may receive lost compensation plus interest. *Id.* at § 2617(1)(A)(I-ii). Moreover, the FMLA authorizes "liquidated damages" equal to the amount of lost compensation unless an employer "proves to the satisfaction of the court that the act or omission . . . was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 2615 . . . ." *Id.* at § 2617(1)(A)(iii). There a "strong presumption" in favor of awarding liquidated damages under the FMLA, with the burden lying with a defendant to demonstrate that it was acting in good faith and based on reasonable grounds. *Arban v. West Pub. Corp.*, 345 F.3d 390, 408 (6th Cir. 2003).

Defendant emphasizes the Court's conclusion in an earlier opinion granting summary judgment in favor of Defendant with respect to Plaintiff's retaliation claim that Defendant had an honest belief that Plaintiff's did not act in accordance with the stated purpose of her FMLA leave. *See* dkt. # 24 at 9-10. Consequently, Defendant contends that it has satisfied both prongs of its burden such that liquidated damages are not warranted. While the Court did previously conclude that the record supported Defendant's honest belief, that conclusion does not necessarily equate to the good faith requirement of section 2617(1)(A). While recognizing the "strong presumption" in favor of awarding such damages contrasted against this record, the prudent course is to bifurcate the issue of liquidated damages. Fed. R. Civ. P. 42(b). In this instance, bifurcation will expedite the trial by focusing on whether Defendant interfered with Plaintiff's FMLA rights. *See Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). In the event that Plaintiff is successful in the first phase, Plaintiff may present evidence relevant to an award of liquidated damages. Thus, the

parties shall not call witnesses for the purpose of addressing Defendant's good faith belief that Plaintiff was not acting in accordance with the authorized FMLA leave.

B

Defendant also requests that "me too" testimony of former employees should be excluded because Plaintiff did not timely disclose the witnesses pursuant to Federal Rule of Civil Procedure 26. While Defendant requests exclusion of these witnesses for non-disclosure, it is unclear whether the alleged discovery violation was "substantially justified or harmless." Thus, the Court will deny the motion with respect to these witnesses without prejudice.

C

Plaintiff's motion in limine seeks to exclude evidence related to past sexual abuse that she suffered as irrelevant and prejudicial. *See* Fed. R. Evid. 402 and 403. Defendant contends that the sexual abuse is relevant to the sufficiency of the medical providers' opinion that Plaintiff suffered from a serious health condition. While Defendant does not concede that Plaintiff suffered from post traumatic stress disorder and depression, Defendant will be able to attack the credibility of those opinions without wading into a sensitive area. The motion will be granted in part.

With respect to Plaintiff's request to exclude any mention of her participation in dog shows, the Court will deny the motion without prejudice. At this juncture, Plaintiff's travel to, and participation in, dog shows may be reflective of voluntary activities inconsistent with her health condition and supportive of Defendant's contention that Plaintiff participated in activities consistent with an ability to work.

D

Accordingly, it is **ORDERED** that Defendant's motion in limine [Dkt. # 26] is **GRANTED** in part and **DENIED WITHOUT PREJUDICE** in part. The trial shall be **BIFURCATED** into a liability and general damages phase and a liquidated damages phase.

It is further **ORDERED** that Plaintiff's motion in limine [Dkt. # 25] is **GRANTED** in part and **DENIED WITHOUT PREJUDICE** in part.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: December 23, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 23, 2008.

        s/Tracy A. Jacobs  
        TRACY A. JACOBS