UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARY-JO HYLDAHL,

        Plaintiff,

                                    Case Number 07-14948-BC
v.                                   Honorable Thomas L. Ludington

AT&T,

        Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR ATTORNEY FEES, DENYING MOTION TO STRIKE, AND
GRANTING MOTION FOR PAGE EXTENSION**

On December 14, 2006, Plaintiff Mary-Jo Hyldahl ("Plaintiff") decided that she was unable to perform her employment duties because she was suffering from depression and post traumatic stress disorder ("PTSD"), serious medical conditions under the Family Medical Leave Act ("FMLA"), codified at 29 U.S.C. §§ 2601, *et seq.* Suspecting fraud, Plaintiff's employer, Defendant AT&T ("Defendant"), investigated Plaintiff and eventually terminated her employment for, in its view, fraudulently requesting leave under the FMLA. On January 14, 2009, an eight-member jury unanimously concluded that Defendant interfered with Plaintiff's rights under the FMLA. *See* dkt. # 50. The jury awarded Plaintiff $127,895.56 for damages incurred between her discharge and the verdict and $150,531.46 to compensate for prospective injury.

On January 23, 2009, Plaintiff moved for reimbursement of attorney fees, pursuant to 29 U.S.C. § 2617(a)(3), costs, and prejudgment interest. Dkt. # 53, 79. While agreeing that Plaintiff as the prevailing party is entitled to reasonable fees, Defendant contends that the suggested hourly rates are unreasonable and that time billed for an attorney assisting in trial preparation that Plaintiff

seeks is duplicative.   For the reasons stated below, the Court will **GRANT** in part and **DENY** in part Plaintiff's motion for attorney fees.

In addition, Defendant seeks to strike Plaintiff's reply brief and associated exhibits because it contains "substantial new evidence and arguments."   Dkt. # 80 at 1.   In response, Plaintiff contends that her reply brief and exhibits address Defendant's arguments and "elaborate" on views expressed in the motion.   Dkt. # 80.   The Court agrees with Plaintiff and will **DENY** the motion to strike.

I

Before resolving the request for fees and costs, two issues must be addressed.   First, the calculation of fees and costs is a question of fact that often requires an evidentiary hearing.   *See Henson v. Columbus Bank and Trust Co.*, 651 F.2d 320, 329 (5th Cir. 1981).   Unless otherwise required by statute or rule, the question of whether to hold an evidentiary hearing to resolve a request for attorney fees is within the discretion of a district court.   *Jaynes v. Austin*, 20 F.App'x 421, 427-28 (6th Cir. 2001); *see also Bailey v. Heckler*, 777 F.2d 1167, 1171 (6th Cir. 1985).   An evidentiary hearing resolving a request for fees and costs is unnecessary "when a record has been fully developed through briefs, affidavits, and depositions."   *Robinson v. City of Edmond*, 160 F.3d 1275, 1286 (10th Cir. 1998).

On August 5, 2009, the Court held a telephone status conference to discuss the parameters of an evidentiary hearing concerning the motion for attorney fees.   While the Court explained that its typical procedure in this circumstance is to hold an evidentiary hearing, counsel for both parties requested that for the Court decide the motion on the pleadings.  Defense counsel indicated that she did not dispute the factual assertions advanced in Plaintiff's pleadings, and Plaintiff's counsel

anticipated that any evidence offered at a hearing would be consistent with the relevant exhibits. Based on that representation, the Court agreed to resolve the motion on the provided pleadings.

Second, Defendant moved to strike Plaintiff's reply brief for advancing new arguments. Upon review, the Court disagrees as Plaintiff's reply brief answered arguments raised by Defendant's response brief. For example, Plaintiff submitted three affidavits from local attorneys concerning the prevailing rate. *See* dkt. # 78-3, 78-4, 78-5. These affidavits counter Defendant's assertion that the suggested rate of Plaintiff's counsel was unreasonable. Thus, the Court will deny the motion to strike.[1]

II

Under the FMLA, a court shall award a prevailing plaintiff "a reasonable attorney's fee . . . and other costs of the action . . . ." 29 U.S.C. § 2617(a)(3). "The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citations and quotation omitted). The Supreme Court has held that the general method for calculating those fees is to multiply the number of hours reasonably worked by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The burden of showing the prevailing rate is on the party seeking the award. *Id*. The hourly rate will largely be governed by the fair market value of the services provided as set by the marketplace of the community, as well as by the attorney's training, background, experience and skill of the individual attorney. *Northcross v. Bd. of Educ.*, 611 F.2d 624, 638 (6th Cir. 1979).

---

[1] Notwithstanding that conclusion, Defendant agreed that the Court should consider the exhibits attached to the reply brief to resolve the motion for fees and costs without holding an evidentiary hearing.

In determining a reasonable fee, a district court evaluates "the fee applicant's 'lodestar,'

which is the proven number of hours reasonably expended on the case by an attorney, multiplied by

his [or her] court-ascertained reasonable hourly rate." *Id.* A court may adjust the lodestar, after

considering the following factors:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 349 n.8 (citation omitted). In assessing a reasonable hourly rate, a court considers the

"prevailing market rate in the relevant community." *Id.* at 350 (citation and quotation omitted). If

a court eliminates some of the hours from its calculation, then it must identify the hours and provide

a rationale for that elimination. *Northcross v. Bd. of Educ.*, 611 F.2d 624, 637 (6th Cir. 1979). In

addition, "supplemental attorneys' fees can be awarded in the same manner as attorneys' fees."

*McCombs v. Meijer, Inc.*, 395 F.3d 346, 361 (6th Cir. 2005).

III

Julie Gafkay, lead counsel for Plaintiff, avers that she devoted 289.5 hours of legal work to

Plaintiff's case up to and including the trial. Dkt. # 53 at 10-11. In a supplemental filing, Gafkay

states that she expended 17 hours of legal work to address Defendant's post-trial motions. She

suggests that a reasonable hourly rate for her services is $225 per hour. Plaintiff also requests fees

for Katherine Gardner, associate counsel. Plaintiff contends that Gardner devoted 176.3 hours to

pre-trial efforts and 49 hours to post-trial efforts. Plaintiff suggests that $200 per hour is a

reasonable rate for Gardner's services.  Consequently, Plaintiff seeks $114,022.50 in attorney fees, $7,148.21 in costs, and $8,200.43 in accrued interest.

As Defendant acknowledges, the FMLA provides for reasonable attorney fees and Defendant does not dispute the amount of hours documented by Gafkay.  Rather, the parties disagree on the reasonable hourly rate for Plaintiff's counsel, Defendant's financial responsibility for Gardner's supportive efforts during trial preparation and trial, and Plaintiff's entitlement to attorney fees associated with post-trial motions.  Defendant also challenges most of the costs requested by Plaintiff and Plaintiff's calculation of prejudgment interest.

A

First, Plaintiff suggests that a reasonable hourly rate for Gafkay is $225 and for Gardner is $200.  In support, Plaintiff offers affidavits from three attorneys who practice before this Court and adjacent state courts that are experienced in labor and employment law.  The attorneys suggest an appropriate range is between $200 and $250 per hour for Gafkay's services.  *See* dkt. # 78-3, 78-4, 78-5.  Defendant suggests that a reasonable rate for Gafkay is $175 per hour, which is the median rate for an attorney of Gafkay's experience according to the 2007 State Bar of Michigan Economics of Law Practice survey.   *See* dkt. # 74-2 at 23.  In light of the complexity of the issues involved, Gafkay's unique experience in this field of practice, and similar awards, the Court concludes that a reasonable rate for attorney Gafkay is $200 per hour.

Similarly, Defendant contends that a reasonable rate for Gardner is $165 per hour.  In contrast to Gafkay, the affidavits from counsels' colleagues did not address Gardner's rate.  Rather, Gardner provided an affidavit that a reasonable rate is $200 per hour, which is in the 75th percentile of litigation attorneys with similar professional experience.  *See* dkt. # 74-2 at 23.   In light of

Gardner's experience and the average rate of similarly-situated attorneys, the Court concludes that $175 is a reasonable hourly rate for Gardner.

B

Defendant challenges two categories of requested fees.  First, Defendant argues that Plaintiff is not entitled to reimbursement for Gardner's trial preparation and participation in the trial. Defendant views those hours as duplicative and frivolous.  In contrast, Plaintiff emphasizes Gardner's involvement with discovery and motion practice increased her value in assisting lead counsel prepare and try the case.  From the Court's perspective, Gardner was actively involved during a five day trial, including the preparation of jury instructions.  Moreover, the need for assistance from additional counsel is supported by the fact that Defendant's trial counsel also was assisted by associated counsel.  While Defendant suggests that Gardner's documentation of hours devoted to trial preparation was vague, Gardner description provided sufficient explanation of the "general subject matter of the expenditures." *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 n. 12(1983)).

Defendant also challenges Plaintiff's supplemental request for attorney fees accrued after trial as untimely.  Defendant emphasizes that Plaintiff filed the supplemental motion twenty-one days after the Court entered an order denying Defendant's post-trial motions, but that motion must be filed within fourteen days of the appealable order.  *See* Fed. R. Civ. P. 54(d)(2)(B)(i).  While acknowledging that Plaintiff's initial motion for attorney fees was timely, Defendant contends that the supplemental motion does not "relate back" to the initial motion when calculating time limits. Dkt. # 84 at 2 (citing *United States v. Henning*, 198 F.3d 247 (table), 1999 WL 1073687, *2 (6th Cir.)).  This District's local rules, however, provide twenty-eight days from "entry of judgment" to

move for attorney fees.  E.D. Mich. LR 54.1.2; *see In re American Cas. Co.*, 851 F.2d 794, 801-02 (6th Cir. 1988).  Thus, Plaintiff's supplemental request is timely.

Finally, Defendant challenges the amount of time expended to draft the reply brief in support of the motion for attorney fees and the briefing associated with Defendant's post-trial motions.  The Court disagrees that either is excessive.  As discussed above, the factual documentation included in the reply brief was necessary for the Court to make a factual determination concerning reasonable attorney fees.  With respect to the post-trial motions, Defendant advanced a lengthy motion that addressed detailed portions of the record and precise questions of law.  *See* dkt. # 61

Thus, the Court will grant Plaintiff's motion for attorney fees.  After considering the lodestar factors, Plaintiff is entitled to $61,300 (306.5 hours x $200/hour) for Gafkay's efforts and $39,427.50 225.3 hours x $175/hour) for Gardner's efforts.

C

Plaintiff requests $5806.03 in costs incurred before the verdict and $1,488.88 incurred post-verdict.  Plaintiff seeks repayment for copying costs, postage fees, mileage costs, production of trial exhibits, legal research fees, and court reporter fees.  Defendant raises four persuasive challenges.  First, Defendant argues that the amount for copying charges should be reduced because Plaintiff charged $.25 per copy.  While copying is necessary cost of litigation, $.10 per page is a reasonable rate for in-house copying services.  *See Berryman v. Hofbauer*, 161 F.R.D. 341, 345 (E.D. Mich. May 1, 1995).  Thus, the Court will permit reimbursement for certain copying expenses at a rate of $.10 per page.

Second, Defendant argues that postage fees, mileage costs for counsel and subpoenaed witnesses that did not testify, production of trial exhibits, and legal research fees are not recoverable

and the Court agrees.  Both parties rely upon 28 U.S.C. § 1920, which does not provide for the reimbursement of these costs.  While Plaintiff contends that these expenses should be reimbursed because the FMLA is a remedial statute, the Court finds that these expenses are either an implicit overhead cost associated with the practice of law or elective in nature.  Defendant shall not be required to reimburse these costs.

Third, Defendant argues that Plaintiff raises costs incurred pre-verdict in its supplemental motion.  While the supplemental motion was timely for post-verdict fees and costs, Plaintiff has not explained why costs incurred prejudgment are initially identified in the supplemental motion filed six months after the original motion.

Finally, Defendant asserts that Plaintiff is only entitled to reimbursement for the deposition costs taken in this litigation.  Plaintiff acknowledges that it seeks reimbursement for three depositions taken in "a previous unrelated lawsuit" to prepare for testimony in this lawsuit.  Plaintiff also suggests that it is entitled to reimbursement for fees associated with general transcription.  Again, the Court agrees that these costs were elective or associated with the general practice of law.

In summary, Defendant shall reimburse Plaintiff for $1,806.30 in pre-verdict costs.  Plaintiff has not met her burden in demonstrating that she is entitled to any post-verdict costs.

D

The parties disagree about whether interest is calculated using Michigan's money judgment interest rate or as the rate provided in 28 U.S.C. § 1961.  The FMLA entitles a prevailing plaintiff interest "calculated at the prevailing rate."  29 U.S.C. § 2617(a)(1)(A).  The FMLA does not, however, define "prevailing rate."  Because Plaintiff sought relief under Federal law, the Court will apply the rate as defined in 28 U.S.C. § 1961.  *See Rybarczyk v. TRW, Inc.*, 235 F.3d 975, 986 (6th

Cir. 2000); *but see*, *e.g.*, *Hite v. Vermeer Mfg. Co.*, F. Supp. 2d 935, 949 (S.D. Iowa 2005).  The

parties agree that Plaintiff is entitled to interest accrued post judgment pursuant to 28 U.S.C. § 1961.

Thus, the Court will award $7,040.71 in prejudgment interest and $611.22 in post-judgment interest.

IV

Accordingly, it is **ORDERED** that Plaintiff's motions for attorney fees and costs [Dkt. # 53,

79] are **GRANTED** in part and **DENIED** in part.  Defendant shall pay Plaintiff $109,985.73, which

represents $100,527.50 for attorney fees, $1,806.30 in costs and $7,651.93 in interest.

It is further **ORDERED** that Defendant's motion to strike [Dkt. # 80] is **DENIED**.

It is further **ORDERED** that Plaintiff's motion ex parte motion for page extension [Dkt. #

77] is granted.  *See* E.D. Mich. LR 7.1.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated:  August 17, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 17, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS

---