UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARY-JO HYLDAHL,

        Plaintiff,

                                      Case Number 07-14948-BC
v.                                          Honorable Thomas L. Ludington

AT&T,

        Defendant.

_____/

**ORDER GRANTING MOTION FOR EVIDENTIARY**
**HEARING ON LIQUIDATED DAMAGES**

      An eight-member jury unanimously concluded that Defendant AT&T interfered with Plaintiff Mary-Jo Hyldayl's rights under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601–2654, on January 14, 2009, and awarded Plaintiff $278,427.02 in damages. [Dkt. # 50]. On January 30, 2009, Defendant filed a renewed motion for judgment as a matter of law [Dkt. # 61], contending that a reasonable jury could not have found in favor of the Plaintiff. The Court denied the motion on July 2, 2009 [Dkt. # 70]. The Court concluded that the evidence, particularly the testimony of Defendant's treating medical professionals, supported the jury's verdict, and that the jury instructions, viewed as a whole, were not "confusing, misleading, or prejudicial." On August 17, 2009, the Court awarded Plaintiff an additional $109,985.73 in attorney fees, interest, and costs, pursuant to 29 U.S.C. § 2617(a)(3). [Dkt. # 85].

      Now before the Court is Plaintiff's August 21, 2009 motion for a hearing on liquidated damages [Dkt. # 86]. There is already an extensive factual record in this case, however, in light of an earlier order bifurcating the trial into two phases and evidentiary rulings that excluded evidence

from the trial that might be relevant to the issue of liquidated damages [Dkt. # 29]; Hr'g on Mot. in Limine (Jan. 7, 2009), Plaintiff's motion for an evidentiary hearing [Dkt. # 86] will be **GRANTED**. At the hearing, the parties will have an opportunity to present evidence not already in the record on the issue of whether Defendant can "prove[] to the satisfaction of the court that the act or omission . . . was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of" the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

The FMLA permits eligible employees to take up to twelve workweeks of leave per year due to a "serious health condition." 29 U.S.C. § 2612(a)(1)(D). A "serious health condition" is "an illness, injury, impairment, or physical or mental condition that involves— (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). An employer may require an employee to provide a doctor's certification confirming a serious health condition exists. 29 U.S.C. § 2613(a). The certification must state the date the serious health condition began, the probable duration of the condition, the appropriate facts about the condition, and, for the purposes of the subsection under which Plaintiff obtained leave, "a statement that the employee is unable to perform the function of the position of the employee . . . ." 29 U.S.C. § 2613(b). If the employer "doubt[s] the validity" of the certification, it "may require, at the expense of the employer, that the eligible employee obtain the opinion of a second health care provider[.]" 29 U.S.C. § 2613(c)(1). A second opinion is permissive, not mandatory. *Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 579–80 (6th Cir. 2007). An employer may challenge a certification as "inadequate" or "insufficient" without requesting or obtaining the opinion of a second health care provider. *Id.*

If an employer interferes with an eligible employee's right to FMLA leave, or discharges an

eligible employee for exercising her right to leave, the employer is liable for compensatory damages, including lost earnings and interest. 29 U.S.C. §§ 2615, 2617. The employee is also entitled to liquidated damages in an amount equal to the compensatory damages unless the employer can show "*both* good faith *and* reasonable grounds" for the violation. *Hoge v. Honda of Am. Mfg.*, 384 F.3d 238, 251 (6th Cir. 2004) (quoting *Chandler v. Specialty Tires of Am.*, 283 F.3d 818, 827 (6th Cir. 2002)); *see also* 29 U.S.C. § 2617(a)(1)(A)(iii).

Plaintiff was absent from work on December 14, 2006, and later testified that "[t]here was no way that [she] could perform [her] job duties that day, [she] still was not feeling good." Trial Tr. Vol. 2 at 56; [Dkt. # 56]. She also provided Defendant with a revised certification form dated January 6, 2007 and signed by her treating medical professionals, Anne Olsen and Dr. Kaushik Raval. The revised certification provided that she suffered from "PTSD [and] severe depression" and was out of work to undergo treatment. Def.'s Trial Ex. # 114. Question 9.a. on the certification form asked: "If the patient is an employee, is he/she able to perform work of any kind?" The "yes" box was checked in response to 9.a. Question 9.b. asked: "Is the employee unable to perform any one or more of the essential functions of the employee's job?" The "no" box was checked in response to 9.b. Question 9.c. asked: "Is it necessary for the employee to be absent from work for treatment?" The "yes" box was checked in response to 9.c.

Unbeknownst to Plaintiff, her employer, Defendant AT&T, had begun to suspect that she was using her FMLA leave to extend her weekends, and Defendant's investigator followed Plaintiff throughout the day and into the evening on December 14, 2006, monitoring her activities. Defendant's investigator and Plaintiff agreed to a written description of those activities, which was quoted at length in an earlier order of this Court. *See Hyldahl v. AT&T*, – F. Supp. 2d –, No. 07-

14948-BC, 2009 WL 1951524 *3–4 (E.D. Mich. Jul. 2, 2009). Defendant has maintained throughout this case that those activities were inconsistent with a serious health condition that left Plaintiff unable to perform her job duties on December 14.

In short, Plaintiff's day began with a two-hour pre-scheduled dental appointment at a clinic forty-one miles from her home to repair a broken tooth; followed by lunch at Ya-Ya's Flame Broiled Chicken, and a peppermint mocha from a Starbucks twenty-one-miles away from the dentist. Next was a lengthy appointment for a cut and color at a barber shop where Plaintiff's friend worked that was located twenty-one miles from the Starbucks. The day ended with dinner and drinks at 8:23 p.m. at Senior Lucky's Cantina, and a fifty-three mile ride home. *Id.*; [Dkt. # 70]. Defendant terminated Plaintiff's employment for abusing FMLA leave less than one month later, on January 12, 2007.

The Court has previously noted that "[t]he record supports the conclusion that Defendant had an honest belief that Plaintiff was abusing FMLA leave." [Dkt. # 24]. The Court has also noted that if it "were the finder of fact, it would have difficulty squaring Plaintiff's activities and apparent cognitive and emotional capability with an inability to perform her employment responsibilities on December 14, 2006 . . . ." [Dkt. # 70]. The Court's view has not changed. But the Court would also note its impression from the evidence, particularly Plaintiff's testimony, that Plaintiff honestly believed, based on the advice she received from her treating medical professionals, that her mental health condition warranted FMLA leave on December 14, 2006, and that her activities on that date were consistent with qualified medical leave. That is, Plaintiff and Defendant may both have acted in good faith. Still, unanswered questions remain concerning the basis of Defendant's decision to terminate Plaintiff's employment, and the Court will allow the parties to present additional evidence

before making a decision. 29 U.S.C. § 2617(a)(1)(A)(iii).

Of particular interest may be evidence excluded from trial concerning other AT&T employees receiving treatment from the same medical professionals as Plaintiff who were also securing compensated FMLA leave. The record demonstrates that Defendant consistently granted Plaintiff's FMLA leave requests for a number of years before her employment was terminated for alleged FMLA abuse; that Defendant investigated her leave after it began to suspect FMLA abuse, rather than terminating Plaintiff's employment without an investigation; and that before terminating Plaintiff's employment, Defendant obtained the opinion of a psychiatrist who spoke with Plaintiff's medical provider about her need for FMLA leave. But the record does not describe, because the Court excluded the responses from evidence, how Defendant addressed the fact that forty other AT&T employees in the call center were receiving treatment from the same medical professionals and at least some of the forty employees were also receiving compensated FMLA leave, or whether Defendant sought a second medical or psychiatric opinion as to the propriety of Plaintiff's medical professional's advice or its other employees' FMLA practices.

Plaintiff was authorized by two medical professionals to use FMLA leave to conduct activities that appear to an untrained layperson, like the Court, to be inconsistent with a "serious health condition" that leaves Plaintiff unable to perform her job duties. 29 U.S.C. 2611(11). Defendant has suggested that up to forty other people employed by the same Defendant and seeking treatment from the same medical professionals were also using FMLA leave as part of their treatment. During trial, evidence concerning those AT&T employees was excluded as irrelevant to Plaintiff's case because Defendant did not explain its relevance to Plaintiff's claim in particular, and Defendant did suggest that it would not challenge the opinions of Plaintiff's medical professionals

during this case. That evidence may, however, be relevant to whether Defendant's decision to terminate Plaintiff's employment was in good faith and based on reasonable grounds.

Accordingly, it is **ORDERED** that Plaintiff's motion for a hearing on liquidated damages [Dkt. # 86] is **GRANTED**.

It is further **ORDERED** that an evidentiary hearing on liquidated damages will be held on **January 19, 2010 at 9:00 a.m.**.

>   s/Thomas L. Ludington
>   THOMAS L. LUDINGTON
>   United States District Judge

Dated: November 24, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 24, 2009.

>   s/Tracy A. Jacobs
>   TRACY A. JACOBS