UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARY-JO HYLDAHL,

        Plaintiff,

                                            Case Number 07-14948-BC

v.                                             Honorable Thomas L. Ludington

AT&T,

        Defendant.

_____/

### ORDER DENYING MOTION FOR CLARIFICATION, DENYING MOTION FOR SUMMARY JUDGMENT, DENYING MOTION IN LIMINE AND CANCELING HEARING ON LIQUIDATED DAMAGES

      Plaintiff Mary-Jo Hyldahl was awarded $278,427.02 in damages by an eight member jury on January 14, 2009 based on their determination that her employer, Defendant AT&T, interfered with her rights under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq. [Dkt. # 50]. On January 30, 2009, Defendant filed a renewed motion for judgment as a matter of law [Dkt. # 61], contending that a reasonable jury could not have found in favor of the Plaintiff. The Court denied Defendant's motion for judgment as a matter of law on July 2, 2009 [Dkt. # 70]. The Court concluded that the evidence, particularly the testimony from plaintiff's health care providers, supported the jury's verdict and that the jury instructions, viewed as a whole, were not "confusing, misleading, or prejudicial." On August 17, 2009, the Court awarded Plaintiff an additional $109,985.73 in attorney fees, interest, and costs. 29 U.S.C. § 2613(a)(3); [Dkt. # 85].

      The jury verdict also entitles Plaintiff to an "additional amount as liquidated damages equal to" the amount of lost wages and other damages awarded by the jury pursuant to § 2617(a)(1)(A)(i–ii), unless Defendant "proves to the satisfaction of the court that the act or omission

which violated" the FMLA "was in good faith" and based on "reasonable grounds." 29 U.S.C. § 2617(a)(1)(A). In a November 24, 2009 order, the Court scheduled a hearing for January 19, 2010 in an attempt to provide Defendant, who bears the burden of proof, with an opportunity to explain how and why the decision to end Plaintiff's employment was made, and the Plaintiff with an opportunity to rebut Defendant's good faith and reasonable grounds evidence. Such a hearing is necessary because, as the Court analyzed the circumstances in its December 23, 2008 order bifurcating the trial, the legal criteria applicable to determining whether Defendant interfered with Plaintiff's FMLA rights poses a different question than why they did and whether that conduct was undertaken in "good faith" and based on "reasonable grounds." 29 U.S.C. § 2617(a)(1)(A)(iii); *see also* [Dkt. # 99 & 29]. Indeed, the evidence relevant to the latter question would, in many circumstances be irrelevant, if not prejudicial, to the former question.

A week after the Court issued the November 24, 2009 order, Plaintiff filed a motion for clarification, contending that the issues of good faith and reasonable grounds are questions of fact that must be submitted to a jury [Dkt. # 100]. Defendant responded to the motion for clarification [Dkt. # 102] and also filed a motion entitled "Defendant's combined motion for summary judgment on Plaintiff's liquidated damages claim, or in the alternative, to exclude evidence at the hearing and continue the evidentiary hearing until the Court rules on all pending motions, and supporting memorandum of law." [Dkt. # 101]. For the reasons stated below, the motion for clarification will be **DENIED**, the motion for summary judgment will be **DENIED**, the motion to exclude evidence will be **DENIED**, and the motion to continue the evidentiary hearing will be **GRANTED**.

**I**

Plaintiff contends in her motion for clarification that she is entitled to a jury trial on the issue

of liquidated damages. Plaintiff bases her assertion on *Frizzell v. Southwest Motor Freight*, 154 F.3d 641 (6th Cir. 1998), and *Helton v. Flowers Bakery of Cleveland, LLC*, No. 1:09-CV-133, 2009 WL 3296646 (E.D. Tenn. Oct. 9, 2009).

In *Frizzell*, the Sixth Circuit Court of Appeals held that "the FMLA provides a right to a jury trial . . . ." 154 F.3d at 643. The court based its conclusion on three factors. First, the fact that the remedial provisions of the FMLA are divided into a "damages" subsection, § 2617(a)(1)(A), and an "equitable relief" subsection, § 2617(a)(1)(B), "reflects Congress's intent to make juries available to plaintiffs pursuing" legal remedies, but not to plaintiffs pursuing only equitable relief. *Frizzell*, 154 F.3d at 643. Second, "the FMLA's legislative history link to the [Fair Labor Standards Act ("FLSA")] reveals Congress's intent to include a right to a jury in the FMLA." *Id.*; *see also Lorillard v. Pons*, 434 U.S. 575 (1978) (holding that individual plaintiffs pursuing legal remedies under the FLSA are entitled to jury trials). Third, a review of congressional records concerning the adoption of the FMLA reflects the legislators' understanding that they were creating a right to a jury trial. *Frizzell*, 145 F.3d at 644.

In *Helton*, Chief Judge Curtis L. Collier of the Eastern District of Tennessee considered whether a plaintiff was entitled to a jury trial in a claim for lost wages and liquidated damages under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301–4335. Judge Collier held that the act created a right to a jury trial, relying in part on *Frizzell*. More importantly for Plaintiff's argument, Judge Collier further stated in dicta that in *Frizzell*

> the Sixth Circuit concluded claims under the FMLA carry a right to a jury trial. [*Frizzell*, 145 F.3d] at 643. It reached this conclusion in part because the FMLA based its remedial provisions on the FLSA, which, as stated above, courts have uniformly held provides for a jury trial. *Id.*; *see also Lorillard*, 434 U.S. at 580–81. Thus, in the Sixth Circuit, claims for liquidated damages under FLSA and FMLA each carry a right to a jury trial, even though the Sixth Circuit has found these

damages to be compensatory.

*Helton*, No. 1:09-CV-133, 2009 WL 3296646, at *5.

Plaintiff's contention that *Frizzell* requires a second jury trial on the questions of "good faith" and "reasonable grounds" lacks merit. First, *Frizzell* involved different circumstances than those at issue here. In *Frizzell* the district court rejected the Plaintiff's jury demand in an FMLA case and proceeded to a bench trial. The district court determined that the defendant was not liable without any input from a jury. Here, Plaintiff was provided with a jury trial, and as a result of a favorable verdict, she is entitled to liquidated damages unless Defendant "proves to the satisfaction of the *court*" that it acted with good faith based on reasonable grounds. Then, the "court may, *in its discretion*, reduce the amount" of liquidated damages. 29 U.S.C. § 2617(a)(1)(A)(iii).

Although not determinative,[1] the use of the words "court" and "discretion" in § 2617(a)(1)(A)(iii) suggests that after the jury has rendered a decision on whether Plaintiff is entitled to damages, including liquidated damages, it should be left to the discretion of the judge to determine whether liquidated damages should be reduced or eliminated based on a finding of "good faith" and "reasonable grounds." Indeed, in interpreting nearly identical language in the FLSA, the Sixth Circuit has held "[s]ince an award of liquidated damages is left to the 'sound discretion' of the court, it is to be granted, or denied, by the court, as opposed to the jury." *McClanahan v. Mathews*, 440 F.2d 320, 322 (6th Cir. 1971) (citing *Martin v. Detroit Marine Terminals, Inc.*, 189 F. Supp. 579 (E.D. Mich. 1960) ("[T]his court is of the opinion that the word 'court' in Section 260 [of the FLSA] clearly and unequivocally means 'judge' and not 'judge or jury'.")); *see also Arban v. West Pub. Corp.*, 345 F.3d 390, 407 (6th Cir. 2003) (looking to the FLSA for guidance in interpreting the

---

[1] *See* James Wm. Moore et al., *Moore's Federal Practice* § 38.44(4)(d) (3d ed. 2006).

FMLA).

Moreover, the structure of the statute suggests that the questions of "good faith" and "reasonable grounds" are appropriately adjudicated after a jury has determined liability. Combining the questions would lead to unnecessary confusion and potential prejudice. For example, whether Defendant was liable for damages in this case turned on the jury's consideration of whether or not Plaintiff's activities on December 14, 2006 where consistent with her FMLA leave. Defendant's view of those activities and the decision-making process surrounding the eventual termination of Plaintiff's employment were irrelevant and potentially prejudicial to Plaintiff. But that evidence may be important to making the good faith and reasonable grounds determination.

*Frizzell* did not specifically address the question of whether a judge or jury should consider good faith and reasonable grounds, and to the extent *Helton* suggests otherwise, this Court must respectfully disagree. Plaintiff, pursuant to the jury's verdict, is entitled to liquidated damages. But the amount may be reduced, "in the discretion of the court," if Defendant can demonstrate to the "satisfaction of the court" that its decision to terminate Plaintiff's employment was based on good faith and reasonable grounds. 29 U.S.C. § 2617(a)(1)(A)(iii).

**II**

Defendant contends [Dkt. # 101] that it is entitled to summary judgment on the issue of liquidated damages because the court has already suggested in written orders that the decision to terminate Plaintiff's employment was "reasonable" and based on an "honest belief" that Plaintiff had abused her right to FMLA leave. Defendant also contends that evidence of its dealings with other employees who sought FMLA leave should be prohibited because it is irrelevant, unfairly prejudicial, and not properly disclosed.

The Court scheduled a hearing for January 19, 2010 because Defendant bears the burden of demonstrating good faith and reasonable grounds for its decision to terminate Plaintiff's employment, and because, presumably, the Plaintiff is entitled to challenge that evidence. Indeed, Defendant must convince the Court that it should exercise its discretion to reduce liquidated damages. 29 U.S.C. § 2617(a)(1)(A)(iii); *see also Arban*, 345 F.3d at 407–08 (emphasizing that the proper award of liquidated damages is within the district court's discretion unless a specific finding of bad faith or unreasonable grounds by the jury makes a reduction inappropriate). The Court, following trial, continued to have questions about Defendant's decision making process, including:

- Who, in particular, made the decision to terminate Plaintiff's employment? Was it Mary Glass alone? When was Dr. Judith Lichtenstein consulted? Did she consult anyone else?

- When was the decision to terminate Plaintiff's employment actually made? On December 14, 2006? Or sometime later?

- Was Olsen and Raval's January 6, 2007 FMLA certification and letter evaluated by management before the decision was made? By whom, in particular, were they evaluated? Were they reviewed by Dr. Lichtenstein?

- Did management consider their past interactions with Olsen and Raval when making the decision?

- Did a union representative participate in the process?

Moreover, Defendants have sought to argue at different points in time that the fact that Olsen and Dr. Raval so freely assisted other employees in appreciating their FMLA benefit was considered in rejecting the certification of Plaintiff's FMLA leave. Defendant now suggests that their dealings

with other employees is not relevant to evaluating whether they had reasonable grounds to terminated Plaintiff's employment or whether the decision was made in good faith.

Defendant's motion for summary judgment and motion in limine seemingly beg the question: Is it Defendant's contention that all of the facts necessary to the Court's decision are already before the Court? Is Defendant satisfied with the record? Does the Plaintiff agree and wish to rebut the evidence? Indeed, is additional discovery needed to satisfy either party with "the facts" or to prepare for an evidentiary hearing? We must back up a step and evaluate the parties respective positions and relevant legal authority relating to whether Defendant can demonstrate whether it terminated Plaintiff's employment in good faith and based on reasonable grounds. Supplementary papers will be entertained.

Accordingly, it is **ORDERED** that Plaintiff's motion for clarification [Dkt. # 100] is **DENIED**. Questions of good faith, reasonable grounds, and whether to reduce an award of liquidated damages will be decided by the Court.

It is further **ORDERED** that Defendant's motion for summary judgment [Dkt. # 101] is **DENIED AS MOOT** in consideration of the Court's request for additional briefing.

It is further **ORDERED** that Defendant's motion in limine [Dkt. # 101] is **DENIED AS MOOT** in consideration of the Court's request for additional briefing.

It is further **ORDERED** that Defendant is **DIRECTED** to submit supplementary briefing on or before **January 13, 2010**. The brief should be no longer than ten pages.

It is further **ORDERED** that Plaintiff may file a response on or before **January 22, 2010**. The response should be no longer than ten pages.

It is further **ORDERED** that Defendant may file a reply on or before **January 29, 2010**. The reply should be no longer than five pages. The evidentiary hearing scheduled January 19, 2010 at 9:00 a.m. is **CANCELED**. An evidentiary hearing, if necessary, will be rescheduled when briefing is complete.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: December 23, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 23, 2009.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---