UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARY-JO HYLDAHL,

        Plaintiff,

                                                  Case Number 07-14948-BC

v.                                                  Honorable Thomas L. Ludington

AT&T,

        Defendant.

_____/

## ORDER SCHEDULING EVIDENTIARY HEARING

Plaintiff Mary-Jo Hyldahl was awarded $278,427.02 in damages by an eight member jury on January 14, 2009. The jury determined, unanimously, that her employer, Defendant AT&T, interfered with her rights under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq. [Dkt. # 50]. Most post-trial issues have been resolved, including Defendant's motion for judgment notwithstanding the verdict or a new trial, Fed. R. Civ. P. 50 & 59; [Dkt. # 61], and Plaintiff's motion for attorney fees, 29 U.S.C. § 2617(a)(3); [Dkt. # 53]. But the question of whether Plaintiff is entitled to liquidated damages has not yet been resolved. 29 U.S.C. § 2617(a)(1)(A)(iii).

In the December 23, 2009 order "denying motion for clarification, denying motion for summary judgment, denying motion in limine, and canceling the hearing on liquidated damages," the Court resolved that Plaintiff is not entitled to a jury trial on the question of liquidated damages. The Court also requested additional briefing related to whether the record was adequate, as Defendant suggested, to resolve the question of liquidated damages without an evidentiary hearing. Defendant contends that the Court's conclusion in December 2008 that Defendant satisfied the honest belief rule with respect to the retaliation claim is sufficient to conclude that Plaintiff is not

entitled to liquidated damages associated with the interference claim. According to Defendant, the conclusion that it had an "honest belief" Plaintiff was abusing her FMLA leave precludes further litigation concerning whether Defendant made the decision to disallow leave on the day in question "in good faith" and "based on reasonable grounds." 29 U.S.C. 2617(a)(1)(A)(iii). Plaintiff, who does not bear the burden of proof, seeks the hearing and seeks to prove that Michael Bouvrette's initial request for the FMLA investigation is flawed and that the evidence demonstrates that "Defendant has a history of disciplining and discharging employees who utilized FMLA benefits."

The evidentiary hearing will be rescheduled, but Plaintiff will not have the opportunity to present the two offers of proof she highlights. Bouvrette's basis for seeking the investigation is irrelevant to the question of Defendant's justification for denying the leave as is general testimony about Defendant's attitude about FMLA leave unrelated to Plaintiff.

**I**

A detailed summary of the facts was provided in the Court's July 2, 2009 order denying Defendant's motion for a directed verdict or a new trial. 642 F. Supp. 2d 707, 710–15 (E.D. Mich. 2009); [Dkt. # 70]. Briefly, Plaintiff suffers from post-traumatic stress disorder and depression. Beginning in 2001, she was authorized by her medical providers, social worker Anne Olsen and Dr. Kaushik Raval, to take intermittent FMLA leave days in an effort to stave off her worst symptoms, including dissociative periods. On December 14, 2006 she took such a leave day, and used it to go to the dentist, get a haircut, and have dinner with a friend. Her employer happened to be monitoring her activities on that day and disallowed FMLA leave based on its apparent belief that her activities were inconsistent with an inability to perform her job functions on that day. Plaintiff's employment was terminated the following month for violating Defendant's employee code of conduct.

On September 25, 2007, Plaintiff filed a complaint in Saginaw County Circuit Court alleging interference with her right to unpaid medical leave under the FMLA, and retaliation for exercising those rights. 29 U.S.C. § 2615. The case was removed to this Court by Defendant on November 19, 2007. On December 4, 2008, the Court issued an order granting in part and denying in part Defendant's motion for summary judgment. 2008 WL 5111910 (E.D. Mich. Dec. 4, 2008); [Dkt. # 24]. Plaintiff's retaliation claim was dismissed because Defendant had an "honest belief" based on its reasonable reliance on particularized facts that Plaintiff was abusing FMLA leave when it disallowed leave for December 14 and terminated her employment in January. *See McConnell v. Swifty Transp. Inc.*, 198 F. App'x 438, 443 (6th Cir. 2006).

This so-called honest belief rule was adopted by the Sixth Circuit in the 1998 case *Smith v. Chrysler Corp.*, 155 F.3d 799, 806–09 (6th Cir. 1998), as a way for employers to demonstrate that their proffered reasons for discharging employees were not pretextual.[1] Pursuant to honest belief rule, an employer can still prevail at the summary judgment phase of a discrimination case in which the plaintiff has demonstrated a prima facie case of discrimination, if the employer can demonstrate the decision to take the adverse employment action was based on its " 'reasonable reliance' on the particularized facts that were before it at the time the decision was made." *McConnell*, 198 F. App'x at 443 (citing *Braithwaite v. Timken Co.*, 258 F.3d 488, 494 (6th Cir. 2001).

The honest belief rule will not shield an employer facing an FMLA interference claim, however, because the employer's intent is not relevant. The relevant question is simply whether the

---

[1] *Smith* was an Americans with Disabilities Act case, but the honest belief rule has since been applied by the Sixth Circuit in a variety of other contexts, including Title VII cases and FMLA cases. *See, e.g.*, *Weimer v. Honda Am. Mfg., Inc.*, No. 08-4548, 2009 WL 4795932 (6th Cir. Dec. 14, 2009).

employer "interfere[d] with, restrain[ed], or den[ied] the exercise or the attempt to exercise, any right provided" by the statute. 29 U.S.C. § 2615(a)(1). Accordingly, Defendant's motion was denied as to the interference claim because the question of whether Plaintiff was suffering from depression and post-traumatic stress disorder on December 14, and therefore entitled to FMLA leave, was a question of fact for the jury.

On December 23, 2008, the Court issued a second order resolving several evidentiary issues that had arisen, and bifurcating the trial into two stages. *Hyldahl v. AT&T*, No 07-14948-BC, 2008 WL 5381497 (E.D. Mich. Dec. 23, 2008); [Dkt. # 29]. The first phase of the trial, which has been completed, addressed whether Defendant had interfered with, restrained, or denied Plaintiff's right to FMLA leave, and if it had, the amount of compensatory damages Plaintiff was entitled to receive. The second phase, which will be an evidentiary hearing conducted before the Court without a jury, will address whether Defendant's decision, although incorrect, was made "in good faith" and based on "reasonable grounds." The bifurcation decision turned, in part, on the same issue as the summary judgment decision: Defendant's intent is not relevant to the question of whether it is liable for interference with Plaintiff's FMLA rights.

During the initial phase of the trial, which began on January 7, 2009 and was completed on January 14, 2009, the jury heard evidence on the question of whether Defendant interfered with Plaintiff's FMLA rights and on the proper amount of damages. It should be noted that the jury's consideration of damages included the calculation of front pay, as well as back pay, because Defendant indicated to the Court that reinstatement of the Plaintiff was not a viable option. *See Arban v. West Publ'g Corp.*, 345 F.3d 390, 405–07 (6th Cir. 2003). After hearing the evidence and submitting the question of liability to the jury, the Court made an independent decision that an award

of front pay was appropriate as a substitute for reinstatement, but instructed the jury to consider the proper amount. The jury determined Defendant was liable, and that Plaintiff was entitled to $127,895.56 in back pay and $150,531.46 in front pay.

After the trial, the Court denied Defendant's renewed motion for judgment as a matter or law or a new trial, 642 F. Supp. 2d 707; [Dkt. # 70]. In the order, the Court reviewed Defendant's objections based on alleged errors in the jury instructions and questions concerning the award of front pay, and concluded that the jury's verdict was reasonable in light of the evidence presented. Specifically, the Court determined it was appropriate to instruct the jury that Defendant could have obtained a second opinion from an alternate medical provider, despite the Sixth Circuit's decision in *Novak v. MetroHealth Medical Center*. 503 F.3d 572 (6th Cir. 2007). In *Novak* the Sixth Circuit held that a second medical opinion is an option, but not a requirement, for an employer that wishes to challenge the adequacy of a certification provided by an employee under the FMLA. 29 U.S.C. § 2613. A second opinion is unnecessary, for example, if an employer challenges a certification that does not include the date on which the serious health condition began, § 2316(b)(1), or omits "the appropriate medical facts" regarding the condition, § 2613(b)(3). In this case, however, Defendant never challenged the adequacy of the certification. Rather, Defendant contended that Plaintiff's conduct on December 14, 2006 was inconsistent with her serious medical condition and the symptoms detailed in the certification. Indeed, in Defendant's opinion, the Plaintiff's conduct was so far outside the realm of acceptable activities for a person unable to work because of depression and post-traumatic stress disorder that a second medical opinion was not necessary to the decision to disallow leave and terminate her employment.

In other post-trial orders, the Court awarded Plaintiff $100,985.73 in attorney fees, interest,

and costs, 2009 WL 2567197; [Dkt. # 85]; and granted Plaintiff's motion for an evidentiary hearing on the question of liquidated damages, 2009 WL 4068557; [Dkt. # 99]. The evidentiary hearing was later canceled after both parties objected. Plaintiff requested a second jury trial on the liquidated damages question and Defendant requested that the hearing be canceled and the Court simply deny liquidated damages as a matter of law. The Court canceled the hearing, denied Plaintiff's request for a jury trial, and ordered additional briefing on whether an evidentiary hearing should be held in a December 23, 2009 order. 2009 WL 5171804; [Dkt. # 105]. Those briefs have now been received, and the question is ready for determination.

## II

An evidentiary hearing is necessary to determine whether Plaintiff is entitled to liquidated damages for several reasons. First, Plaintiff has not asked for liquidated damages yet or informed the Court of the amount of liquidated damages she believes she is entitled to. Is the entire sum awarded by the jury to be doubled or only the amount awarded for back pay under § 2617 (a)(1)(i)? Second, contrary to Defendant's repeated assertions, there is a difference between the predicate for an award of liquidated damages and the threshold showing required for the dismissal of a claim pursuant to the honest belief rule. Third, the Court's understanding of the facts is more complete today than it was based upon the summary judgment papers, though the trial proofs raised questions about certain events. Finally, whatever the merit of the Court's perspective facing a dispositive motion on the papers, the jury had a different perspective based upon their view of the trial proofs that is entitled to the Court's careful consideration. Until the remaining factual questions receive attention, the Court cannot determine whether and to what extent Plaintiff is entitled to liquidated damages.

The honest belief rule is a judicially created tool to aid in the determination of summary judgment motions in employment discrimination cases. Summary judgment motions in such cases are analyzed pursuant to the three-step burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). At the first step, the plaintiff must demonstrate a prima facie case of discrimination. *Id.* at 802. The burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment decision. *Id.* at 802–03. Finally, the burden shifts back to the plaintiff to demonstrate the defendant's articulated reasons are pretextual. *Id.* at 805. One way a plaintiff can demonstrate an articulated reason is pretextual, is through the production of evidence showing that the reason has no basis in fact. The honest belief rule is implicated in these situations. The rule asks if legitimate, nondiscriminatory reasons articulated by the employer, even though factually incorrect, were nevertheless the employer's "honest belief" based on the "particularized facts on hand at the time the decision was made." *Smith*, 155 F.3d at 807–08. If they are, the employer is entitled to summary judgment on the claim. The rule "does not require that the decisional process used by the employer be optimal or that it left no stone unturned. Rather, the key inquiry is whether the employer made a reasonably informed and considered decision before taking an adverse employment action." *Id.* at 807.

By contrast, the liquidated damages standard is a congressionally mandated test for determining whether an employer who has violated the FMLA is sufficiently culpable to merit doubling the damage award. 29 U.S.C. § 2617(a)(1)(A)(iii). The relevant question is whether the employer can prove "to the satisfaction of the court that the act or omission which violated [the FMLA] was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation" of the FMLA. *Id.*

Thus, the questions are different both in terms of their organization and the actual standard itself, and Defendant has not identified any opinion in which a court has suggested they are equivalent questions. The honest belief rule is a judicially created test for evaluating the merits of a case before trial, the liquidated damages test is a congressionally mandated standard for evaluating the appropriate level of damages after a verdict has been entered. Moreover, an award of liquidated damages is not an "all or nothing" decision. The statute grants the Court authority, in its discretion, to "reduce" the amount Plaintiff is owed in liquidated damages. 29 U.S.C. § 2617(a)(1)(A)(iii). Even if Defendant had an honest or good faith belief that Plaintiff was abusing her FMLA leave, the Court may still award some amount in liquidated damages depending on how reasonable that position was. In sum, the questions are closely related, but the Court's conclusion at the summary judgment phase that honest belief rule barred Plaintiff's retaliation claim does not mean the liquidated damages decision was foreclosed.

More importantly, there are outstanding factual questions about the events leading to Defendant's decision. This is in part because Defendant's decision making process and the reasoning underlying that process were only peripherally relevant to the interference claim. It is also, in part, because the Court's understanding of the case is different today than it was at the summary judgment phase. While considering the post-judgment motions, questions have arisen about Dr. Judith Lichtenstein's exact opinions and the extent of the disagreement between Lichtenstein, on the one hand, and Olsen and Raval, on the other, about Plaintiff's entitlement to FMLA leave on December 14, 2006. It is not clear whether it was reasonable for a decisionmaker without medical training to weigh the competing opinions and decide that Lichtenstein's was both unequivocal and more valuable that Olsen's and Raval's, nor is it clear whose opinions were

solicited, or when they were solicited. Lastly, it is not clear how that decision was made in conjunction with Plaintiff's amended certification or how much analysis was given to the January 6 certification by Olsen and Raval.

The Court is also interested in the union steward's involvement in the decision to disallow FMLA leave and terminate Plaintiff's employment. A union representative was apparently at the January 4, 2007 meeting where Plaintiff and her managers discussed her activities on December 14, 2006. The union was also informed of Defendant's January 9, 2007 decision to terminate Plaintiff's employment, yet did not challenge that decision.

**III**

Accordingly, an evidentiary hearing is necessary to determine whether Plaintiff is entitled to liquidated damages. The hearing will focus on Defendant's decision-making process in late December 2006 and early January 2007; the period in which Defendant determined that plaintiff was not entitled to FMLA leave on December 14, 2006, and that she should be terminated for fraudulently taking FMLA leave in violation of the employee code of conduct. Mary Glass, the decisionmaker who made the final decision to deny FMLA leave, will of course be an important witness. The parties are also free to call additional witnesses as necessary. Testimony concerning Bouverette's decision to initiate an investigation and Defendant's treatment of other employees, however, is not relevant and will not be entertained.

Accordingly, it is **ORDERED** that an evidentiary hearing will be held on **May 11, 2010 at 9:00 a.m.**

It is further **ORDERED** that Defendant shall file a list of witnesses, including the relevant testimony they will provide, any exhibits they intend to introduce, and the expected length of

testimony on or before **April 16, 2010**.

It is further **ORDERED** that Plaintiff shall file a list of rebuttal witnesses, if any, including the relevant testimony they will provide, any exhibits they intend to introduce, and the expected length of testimony on or before **April 23, 2010**.

                                       s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge

Dated: March 23, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 23, 2010.

                            s/Tracy A. Jacobs
                            TRACY A. JACOBS